The opinion of the Court was delivered by
Nott, J.
The old notion, that money could not be taken in ^execution, because it could not be sold, seems not to be sup- L ported by modern adjudications. Indeed, I doubt whether it was ever considered as law, though there appear to be some opinions favoring such an idea. Dalton says, “ this writ of fieri facias is only against the goods and chattels of a man, viz., leases for years, corn growing or sown upon the ground, or movable goods, as cattle, corn in the barn, household stuff, money, plate, apparel,” &c. Dalton’s Sheriff, 145. But it seems to be doubtful whether the money so collected can be considered as belonging to the plaintiff until actually paid into his hands. Turner v. Fendall, (1 Cranch, 117.) He nevertheless has an interest in it, of which the Court can take notice, and order it to be paid over to an execution against him. Armistead v. Philpot, (1 Doug. 220.) And although it does not appertain to the office of sheriff to judge of the disposition of money which he has collected, yet the granting of an attachment is, in a *578 great measure, discretionary with the Court, and will not be ordered against an officer who has been guilty of no contempt or wilful disobedience of the order or process of the Court; and particularly against one who has only done what the Court itself would hare ordered to be done, although it did not belong to him to judge of the matter. If any other person than the plaintiff had interposed a claim, the sheriff might have been ordered to pay the money into the Court as by the execution he is directed. But it is not alleged, that it had been paid to a person not entitled to receive it. Discharging the rule, however, determines nothing with regard to the rights of the parties, the sheriff has paid it at his own risk; and if he has paid it wrongfully, is responsible to the person aggrieved.
The motion to set aside the judgment is not regularly before the Court, and therefore will not be regarded. The motion to reverse the decision of the Court below is refused.
Colcock, Johnson, G-antt and Richardson, JJ., concurred.
Huger, J., absent.